UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CRYSTAL LAX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01358-JPH-MJD |
| | ) | |
| CITY OF MUNCIE, INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER SCREENING COMPLAINT

### I.    Granting *In Forma Pauperis* Status

Plaintiff Crystal Lax's motion to proceed *in forma pauperis*, dkt. [2], is

**GRANTED**.  *See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows

Ms. Lax to proceed without prepaying the filing fee, she remains liable for the

full fees.  *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65

(7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant

to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").

No payment is due at this time.

### II.    Denying Appointment of Counsel

To the extent that Ms. Lax requests an appointment of counsel, *see* dkt.

2, such request is **DENIED with prejudice** because it provides neither

sufficient information to make a determination on the merits nor an

acknowledgement of the conditions of the appointment of counsel.  The **clerk**

**is directed** to include a form motion for assistance with recruiting counsel

with Ms. Lax's copy of this Order.  If Ms. Lax wishes to file a motion for

1

counsel, she must do so using the form provided, and she must support her motion with documentation of her efforts to recruit counsel on her own.

### III.    Screening

#### A. Screening Standard

The Court has the inherent authority to screen Ms. Lax's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

#### B. The Complaint

Ms. Lax brings her complaint under 42 U.S.C. § 1983. The complaint names two defendants: the City of Muncie, Indiana and the Office of the City

Clerk in Muncie, Indiana.  Dkt. 1.  Ms. Lax alleges that her rights were violated through various acts: illegal wiretapping of her home; harassing, stalking, and bullying her; treating her as a "black slave"; and neglecting, ignoring, and overlooking her complaints.  *Id.* at 5.  She seeks monetary damages.  *Id.*

### C. Discussion of Claims

Ms. Lax's complaint does not specify any defendants or present a "story that holds together" about what any defendants did.  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  It therefore must be dismissed for failure to state a claim because it does not "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Ms. Lax **SHALL HAVE through June 22, 2020** to file an amended complaint.  An amended complaint should explain the basis for this Court's jurisdiction, specify the defendants against whom claims are raised, and explain what those defendants did, and when.  *See* Fed. R. Civ. P. 8(a); 12(b).  If Ms. Lax does not file an amended complaint, the Court will dismiss this case with prejudice without further notice.

**SO ORDERED.**

Date: 5/20/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CRYSTAL LAX
805 S. Shipley Street
Muncie, IN 47302