UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRYSTAL LAX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01358-JPH-MJD |
| ) | |
| CITY OF MUNCIE, INDIANA, ) | |
| ) | |
| Defendant. ) | |

**ORDER DISMISSING AMENDED COMPLAINT**

On May 22, 2020, the Court screened Ms. Lax' complaint and dismissed it for failure to state a plausible claim. Dkt. 5 at 3. The Court gave Ms. Lax through July 22, 2020 to file an amended complaint. *Id.*; dkt. 8. In response, Ms. Lax has filed several documents—a notice of claim, dkt. 9, an amended complaint, dkt. 10, and a submission of deed records[1], dkt. 11—none of which state a plausible claim.

Ms. Lax alleges, among other things, that her complaints to the police department are ignored, that her house is being wiretapped without probable cause, that individuals are attempting to steal her house, and that since she has moved to Muncie, she has been harassed and stalked by white people. Dkt. 9; dkt. 10; dkt. 11. But the none of the documents identify any defendants who may be responsible. Indeed, there is no case caption that lists the defendant(s).

---

[1] In the document titled "submission of deed records," Ms. Lax requests that the Court store this document in her property deed records. Dkt. 11 at 3. But the federal court does not store property deed records. Accordingly, her request is **denied**.

1

To the extent that Ms. Lax intended to assert claims against the City of Muncie, Indiana, the original defendant in this suit, she does not make sufficient allegations against it under 42 U.S.C. § 1983.  *See Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 379 (7th Cir. 2017) (emphasizing that the critical question for a § 1983 claim against an entity is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

Accordingly, the amended complaint does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Ms. Lax' claims are **DISMISSED with prejudice.**  *See Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011).  Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 7/10/2020

                                                 James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CRYSTAL LAX
805 S. Shipley Street
Muncie, IN 47302